## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SAADIA BOLDEN** | ) | **CASE NO:** |
| 20551 Naumann Avenue | ) | |
| Euclid, Ohio 44123 | ) | **JUDGE** _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **RECEIVABLES PERFORMANCE** | ) | **JURY TRIAL DEMANDED** |
| **MANAGEMENT LLC** | ) | |
| c/o CT Corporation System, Stat. Agent | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

NOW COMES PLAINTIFF, **SAADIA BOLDEN,** on behalf of herself and all others similarly situated, by and through the undersigned counsel, and for her class action complaint against Defendant **RECEIVABLES PERFORMANCE MANAGEMENT LLC** ("RPM") states as follows:

### INTRODUCTION

1. Plaintiff brings this nationwide class action complaint for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"), which prohibits calls using automatic telephone dialing systems, or artificial or prerecorded voices, to call cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof. Congress has found that such unwanted automated calls are a "nuisance and an invasion of privacy, regardless of the type of call."

2. It is also for corollary class claims under federal law, including the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and allows consumers a private right of action and to bring those claims on behalf of a class.

## VENUE AND JURISDICTION

3. As Defendants transact business in Ohio and/or caused tortuous injury to Plaintiff in Ohio, Defendants are subject to this Court's personal jurisdiction.

4. The action arises under 15 U.S.C. §1692 and 47 U.S.C. §227, federal statutes, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1337 and 28 U.S.C. §1331.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendants transacts business in this District and the cause of action asserted and the injury incurred herein arose in this District.

## PARTIES

6. Ms. Bolden is, and was at all relevant times herein, a resident of Cuyahoga County, Ohio.

7. Ms. Bolden is a consumer as defined in 15 U.S.C. §1692a(3).

8. On information and belief, RPM is a foreign corporation, with its principal place of business in Washington state, registered to do business in Ohio, and attempting to collect debts from Ohio residents.

9. RPM is a debt collector as that term is defined in 15 U.S.C. §1692a(6).

## FACTS

10. Within the past year, RPM began calling Ms. Bolden's cell phone in connection with its debt collection activities.

11. RPM was calling for Thomas Bolden, Saadia Bolden's son.

12. Ms. Bolden informed RPM that it was calling the wrong number, and she requested on numerous occasions that the calls cease.

13. Nonetheless, RPM continued to call Ms. Bolden without her permission and in contravention of her explicit directive.

14. RPM called Ms. Bolden numerous times every day, up to three times per day for two months.

15. RPM called Ms. Bolden well over 100 times.

16. RPM used an autodialer to call Ms. Bolden.

17. Ms. Bolden believes that an autodialer was used because of the rate/volume of calls to her and a brief time gap between when she picked up her phone and the appearance of a representative on the line.

18. RPM's calls have been harassing and served no constructive purpose.

19. Nonetheless, the calls continued.

20. On information and belief, RPM continues to make such harassing collection calls nationwide.

21. These calls have been annoying and aggravating, and they have caused actual damage to Ms. Bolden, including emotional distress, emotional distraught, apprehension, anxiety, annoyance, and related physical injury.

## CLASS ALLEGATIONS

22. Class Definition:  Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and two classes of similarly situated individuals, defined as follows:

    a. <u>The TCPA Class</u>: All persons in the United States who received a call on their cellular telephone from or on behalf of Defendant, and who had no ongoing business relationship with Defendant and had not given consent to receive calls from defendant, where such calls were initiated via automatic telephone dialing system and/or using an artificial or prerecorded voice within the six years prior to the filing of the Complaint.

    b. <u>The FDCPA Class</u>: All persons in the United States who received a collection-related calls on their cellular telephone from or on behalf of Defendant, and had not given consent to receive such calls from defendant, where such calls were initiated within the one year prior to the filing of the Complaint.

23. Numerosity: The exact number of each Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals. Class members can be easily identified through Defendant's records.

24. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a. Whether Defendant made calls to consumer cellular telephones or had such calls placed on its behalf;

    b. Whether the Defendant used an automatic telephone dialing system and/or used an artificial or prerecorded voice to place calls or had such calls placed on its behalf;

      c.   Whether Defendant had explicit consent to place its call;

      d.   Whether Defendant has processes in place to prevent unauthorized calls;

      e.   Whether Defendant's conduct was willful;

      f.   Whether Defendant's conduct constitutes a violation of the TCPA; and

      g.   Whether Defendant's conduct constitutes a violation of the FDCPA.

25. Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

26. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff has retained counsel competent and experienced in complex litigation and class actions including TCPA cases.  Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff.  Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and have the financial resources to do so.

27. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

**FIRST CLAIM FOR RELIEF**
(TCPA violations on behalf of Plaintiff and the TCPA Class)

28. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

29. The TCPA, 47 U.S.C. 227(b)(1)(A)(iii) prohibits the placement of calls to cellular telephone via automatic telephone dialing system and/or using an artificial or prerecorded voice without the express permission of the call recipient.

30. As described above, RPM violated the TCPA by make calls (or having calls placed) to Plaintiff's cellular telephone and to the cellular telephones of TCPA Class members, via an automatic telephone dialing system and/or using an artificial or prerecorded voice, without permission and/or in contravention of their requests that the calls cease.

31. As a result of RPM's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages as set forth above and under the TCPA, are each entitled to, *inter alia, a* minimum of $500 in statutory damages for each violation.

32. Should the Court determine that RPM's such calls were placed knowingly, Plaintiff and the other members of the Class to $1,500 per call.

### SECOND CLAIM FOR RELIEF
(FDCPA violations on behalf of Plaintiff and the FDCPA Class)

33. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

34. Defendant violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequence to "harass, oppress, or abuse" Ms. Bolden and the FDCPA Class in connection with the collection of an alleged debt.

35. Defendant violated 15 U.S.C. §1692d(5) by causing the telephones of Ms. Bolden and Class members to ring repeatedly and engaging them in conversation repeatedly for the purpose of annoyance, harassment, and abuse.

36. Defendant violated 15 U.S.C. §1692f generally by engaging in the conduct described herein and other conduct to be proven at trial, which is unfair and unconscionable.

37. Defendant violated 15 U.S.C. §1692f(5) by calling cellular telephones of Ms. Bolden and Class members.

38. As a result of the foregoing, Ms. Bolden and the Class has suffered actual damages as described herein and to be proven at trial.

39. Under the FDCPA, Ms. Bolden and the Class are entitled to recover statutory damages, actual damages, attorney fees, and costs for the violations described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the two identified Classes (the TCPA Class and the FDCPA Class), respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff as representative of the Classes, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages under the TCPA and FDCPA to Plaintiff and the respective Class;

D. Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Classes pre- and post-judgment interest, to the extent allowable; and

F. Awarding such other and further relief as equity and justice may require.

Respectfully submitted,

*/s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
**Frederick & Berler LLC**
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055; *fax* (216) 566-9400
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
*Attorneys for Plaintiff*

7

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

                                               */s/ Ronald I. Frederick*
                                               Ronald I. Frederick (#0063609)
                                               **Frederick & Berler LLC**